IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MOHAMED KHALID BASHEER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-1773 (AJT-WEF) |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Mohamed Khalid Basheer's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on June 22, 2026. Petitioner alleges his detention, which exceeds a period of six months, is unlawful under 8 U.S.C. § 1231 (Count I), the Fifth Amendment of the Constitution (Count II), the implementing regulations (Count III), and that, as a matter of due process, he is entitled to Immigration Judge review of any negative third country screening pursuant to Respondents' efforts to remove Petitioner to a third country (Count IV). [Doc. No. 1].

Petitioner is a 31 year-old native and citizen of Ethiopia, who entered the United States as a refugee in 2000 and later adjusted to legal permanent resident status under his refugee admission. [Doc. No. 6-1] ¶¶ 5–6. Between 2014 and 2023, Petitioner was convicted of four separate offenses under Virginia law. *Id.* ¶¶ 7–11. On March 9, 2023, the Department of Homeland Security initiated removal proceedings against Petitioner, and subsequently filed an I-261 form for Additional Charges of Inadmissibility and charged Petitioner under 8 U.S.C. 1227(a)(2)(A)(ii) for having been convicted of two "crimes involving moral turpitude" following his admission to the United States. *Id.* ¶¶ 12–13. Thereafter, Petitioner filed an application for asylum, statutory withholding of removal, and CAT protection in removal proceedings, which an Immigration Judge denied, and

ordered Petitioner removed from the United States to Ethiopia. *Id.* ¶¶ 14–15. Following Petitioner's appeal of the Immigration Judge's decision, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal on December 28, 2023. *Id.* ¶¶ 16–17. Petitioner filed a petition for review before the Fourth Circuit, together with a motion to stay his removal, and on April 29, 2024, the Fourth Circuit remanded his case to the BIA for further analysis. *Id.* ¶¶ 18–20. On November 21, 2024, the BIA remanded Petitioner's case to the Immigration Judge, and on February 12, 2025, an Immigration Judge upheld the prior decision removing Petitioner from the United States. *Id.* ¶¶ 21–22. After Petitioner again appealed this decision to the BIA, on July 15, 2025, the BIA affirmed the Immigration Judge's decision and dismissed Petitioner's appeal, rendering Petitioner's order of removal administratively final as of that date. *Id.* ¶ 23. Petitioner filed a petition for review with the Fourth Circuit, which remains pending, but has not sought a stay of removal. *Id.* ¶ 24.

Petitioner has remained detained since March 9, 2023, and is currently being held at the Caroline Detention Facility. [Doc. No. 1] ¶¶ 7, 21–22. On January 19, 2026, DHS issued a "Decision to Continue Detention" informing Petitioner that he would remain detained based on his "extensive criminal history." [Doc. No. 7-1] at 1. On January 28, 2026, a travel document review was submitted to DHS for review. [Doc. No. 6-1] ¶ 26. On March 13, 2026, DHS conducted another review of Petitioner's custody status, which included an interview with Petitioner, and again determined he should remain detained. [Doc. No. 7-1] at 2. Petitioner has cooperated with DHS's unsuccessful attempts to obtain travel documents for his removal, including meeting with an official from the Ethiopian consulate on July 1, 2026, where he shared his background information with the consulate official (including his criminal history), but has as of the date of this order, not received an update regarding travel documents. [Doc. No. 6-1] ¶ 27; [Doc. No. 7]

at 5. Respondents have not provided any expected timeline as to when it anticipates securing Petitioner's travel documents, and ultimately deport him, but submits that "Ethiopia has historically been delayed in issuing their travel documents due to their investigative process." [Doc. No. 6-1] ¶ 28.[1]

In Counts I and II, Petitioner argues that his continued detention violates 8 U.S.C. § 1231(a)(6), as interpreted by the Supreme Court in *Zadvydas v. Davis*, and his due process rights because his removal to Ethiopia is not reasonably foreseeable. [Doc. No. 1] ¶¶ 38–43. In opposition, Respondents contend that Petitioner's detention is lawful because "there is a significant likelihood of removal in the foreseeable future based on ICE's ongoing coordination with the Ethiopian Embassy to secure travel documents for Petitioner." [Doc. No. 6] at 2. The Court disagrees.

Under 8 U.S.C. § 1231, which applies to individuals like Petitioner that have a final order of removal, noncitizens shall be detained during the ninety (90) day "removal period" in order to execute their removal, and certain noncitizens may be detained "beyond the removal period."[2] 8 U.S.C. § 1231(a)(1)-(2), (6). The statute is silent as to how long an individual can be detained for, a question the Supreme Court considered in *Zadvydas v. Davis*, where it held that detention pursuant to Section 1231 must be "only for a period *reasonably necessary* to secure the [noncitizen's] removal," and that the detention of a post-removal order noncitizen is "presumptively reasonable" for six months, after which an individual is entitled to habeas relief

[1] In their most recent submission to the Court, Respondents additionally contend that the Ethiopian Embassy "must do an additional investigation before issuing a travel document." [Doc. No. 9-1] ¶ 5.

[2] Under the statute, the removal period begins on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

upon demonstration that the detention is "indefinite"—*i.e.*, that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. 678, 682, 699–701 (2001); *see also Clark v. Suarez–Martinez*, 543 U.S. 371, 377–78 (2005) (extending *Zadvydas* to noncitizens ordered removed who are inadmissible under § 1182). If the noncitizen makes these prima facie showings, the burden shifts to the government to provide "evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

It is undisputed that Petitioner is being detained pursuant to a final order of removal, and that Petitioner's removal period commenced on July 15, 2025, when his order of removal became administratively final.[3] [Doc. No. 1] ¶ 3; [Doc. No. 6] at 3–4. Petitioner has been in immigration custody since March 2023, and for over one year since the start of his removal period, with little to no progress made on the execution of his removal from this country. Despite a travel document being submitted to DHS, on Petitioner's behalf, as early as January 28, 2026, Petitioner's meeting with the Ethiopian Embassy regarding his travel document request, presumably facilitated by DHS, did not take place until July 1, 2026. Prior to that meeting, Respondents twice conducted a custody review of Petitioner's detention. Even so, Respondents have not made any further representations as to when they expect to secure Petitioner's travel documents, let alone effectuate Petitioner's removal, and indeed concede that "Ethiopia has historically been delayed in issuing their travel documents due to their investigative process, which includes forwarding ICE's request to Addis Ababa's immigration department to conduct an in-country investigation." [Doc. No. 6] at 5.

Based on the foregoing, the Court finds that Petitioner has been in detention under 8 U.S.C.

[3] Petitioner's pending appeal to the Fourth Circuit does not affect his removal period because, as both parties agree that Petitioner did not seek a stay of removal.

§ 1231 for more than twelve months, and therefore for a period beyond the presumptively reasonable six-month period established under *Zadvydas*. He has also made the required prima facie showing that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future; and Respondents have failed to present evidence sufficient to rebut that showing. *See Montezano Martinez v. Perry*, et al., 1:25-cv-02274-AJT-IDD (E.D. Va. Feb. 6, 2026), Dkt. No. 22 (ordering petitioner's immediate release, who had been detained for over eleven months, given that Respondents had failed to present evidence sufficient to rebut the showing that there is no significant likelihood of removal in the reasonably foreseeable future); *Constant v. Perry*, 2026 WL 1463965, at *5 (E.D. Va. Feb. 10, 2026) (holding that detention "does not satisfy due process under *Zadvydas*" because Respondents produced no evidence that the country had agreed to accept the petitioner, such that the record established only that Respondents "do not know" whether removal would occur). Petitioner's continued detention is therefore unconstitutional and is unlawful under *Zadvydas*.

Petitioner also claims that any additional efforts by the Government to remove him to a third country must be accompanied by adequate procedural safeguards. [Doc. No. 1] ¶¶ 47–48. Respondents submit that "they are not attempting to remove Petitioner to a third country at this time." [Doc. No. 6] at 1 n.1. Accordingly, the Court denies Petitioner's request for such relief without prejudice for Petitioner to renew his request for review by an Immigration Judge of any negative fear determination.

For the reasons stated above, the Petition is **GRANTED** as to Counts I and II, and **DENIED** without prejudice as to Count IV, and it is hereby

**ORDERED** that Respondents immediately release Petitioner under an Order of Supervision pursuant to 8 U.S.C. § 1231(a)(3), which may not be revoked unless done so in

compliance with the requirements of 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13; and it is further

**ORDERED** that Respondents and any of Respondents' officers, agents, servants, employees, and attorneys, as well as other person acting in concert, are **ENJOINED** from redetaining Petitioner except upon a showing of sufficient changed circumstances with respect to the prospects for removal to a qualifying consenting country.

The Clerk is directed to send this Order to all counsel of the record, and to terminate the case.

August 4, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge